[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGEMENT, #124
Denied.
The defendant sets forth facts which indicate that the plaintiffs claim that she was terminated on February 9th should CT Page 10649 not be credited. The court cannot state as a matter of law, that the trier of fact must find that the plaintiff was suspended in February and terminated in March. Accordingly, the claims may not be barred by the exclusivity provision of The Workers Compensation Act under such cases as Falco v. Norwich RomanCatholic Diocesan Corp. , 27 Conn. App. 800, 807-810 (1992).
The defendant claims that, assuming the plaintiff has made a prima facie case, it has provided a non pretextual reason for termination (i.e., dishonesty) and the plaintiff has not produced sufficient evidence to sustain her burden of proof. However, the plaintiff has produced evidence of the following: (1) she was returned to work for light duty but was given assignments that did not conform to that description; (2) the conduct shown on the video tape was in accordance with the limitations imposed by her physician; (3) she never denied doing these acts. If the jury were to find these facts, the court cannot state, as a matter of law, that the jury could not find in the plaintiffs failure.
The arbitration decision does not have preclusive effect.Genovese v. Gallo Wine Merchants, Inc., 226 Conn. 474, 482-493
(1993). The plaintiffs claims arise from the public policy of The State of Connecticut and not from the collective bargaining component.
While there is no duty to follow the plaintiff into the ladies room, the escorting her to her car, with knowledge of the fact that she had fainted, provides factual issues despite the contrary evidence from the defendant.
The third count alleges specifically a discharge in violation of Gen. Stat 31-290a and therefore entitles her to the right to bring a civil action under § 31-290a(b)(1) which entitles her to "any other damages" including punitive damages and attorney fees. While the parties may refer to the claim as a common law claim, the allegations are sufficient to state a cause of action under the statute and summary judgment is not appropriate.
Rush, J.